The 4th District Appellate Court of the State of Illinois has now convened. The Honorable James A. Knecht presiding. This is our first case of the day, 421-0609, People of the State of Illinois v. David Prather. Would the appellant introduce herself, please? Your Honor, my name is Natalia Golitsa. I'm the counsel for David Prather. And you say Golitsa? Yes. Is that correct? Thank you. And for the appellee? I'm David DeManchin with the appellate prosecutor, arguing on behalf of the state. Ms. Golitsa, you may proceed. May it please the court, counsel. My name is Natalia Golitsa with the Office of the State Appellate Defender, and I represent David Prather. Mr. Prather's out-of-state conviction for attempted aggravated assault was not of a similar class as the Class 2 felony at issue in this case. Therefore, we are here today to ask this court to remand the case for resentencing because the trial court improperly imposed an extended-term sentence. As an initial matter, the relevant standard of review in this case is de novo, because the issue of whether Mr. Prather is extended-term eligible under the statute is a question of law. Extended-term sentences are allowed in a limited number of circumstances. Under the relevant provision in the extended-term sentencing statute, a court is able to sentence a defendant to the extended-term range if he had previously been convicted of a felony that was the same or similar class felony as the offense for which he is being sentenced. The statute itself does not indicate how to determine whether an out-of-state felony is of the same or similar class. However, People v. Bailey, a 2015 case from the 3rd District, established that in order to determine whether an out-of-state conviction is of a similar class felony, trial courts should consider both the sentencing range and the elements of the out-of-state offense before imposing an extended-term sentence. In the instant case, David Prather pled guilty to aggravated DUI, a Class 2 felony. The court sentenced him to an extended term of 8 years in prison. The court based that extended-term eligibility on a 2012 conviction from Tippecanoe in Mississippi. In that case, it was alleged that Mr. Prather attempted to cause bodily injury to Tanisha Hill with a motor vehicle by running her off the road and hitting her vehicle with his. Subsequently, Mr. Prather was convicted of attempted aggravated assault and was sentenced to 20 years in prison. In 2019, Mr. Prather's sentence was amended and he was sentenced to supervised probation. As an initial matter, Mississippi does not categorize felony offenses into categories of classes in the same way that Illinois does, meaning it does not define them as Class 1, Class 2, etc. Instead, Mississippi defines crimes as either felonies or misdemeanors, and then each offense carries its own specific range of penalties. Turning first to the sentencing prong of the Bailey test, the Mississippi statute indicates that the relevant range can be anywhere from 1 to 20 years in prison. That encompasses anything from a Class 4 felony in Illinois to a Class X felony. The Bailey court itself recognized that for states like Mississippi, which don't have a classification system, analyzing the elements of the crime and comparing them to similar Illinois crimes can be helpful because it furthers the goal of uniformity. Because of how wide-ranging the sentences can be in Mississippi, the sentencing range in this case isn't helpful for analyzing whether this is a similar class. Why isn't it helpful, counsel? Your Honor, because the range is anywhere from 1 to 20 years in prison. That's anything from a Class 4 felony to a Class X felony in Illinois. What did your client receive? My client received an initial term of 20 years in prison. However, then it was amended in 2019 to supervise probation. But before it was amended, he got hammered. Yes, Your Honor. He got hit with the maximum. Yes, Your Honor. That is what the record reflects. We have limited facts in the record to indicate why it was amended in 2019. I would like to also point out that in his PSI, he does have another sentence from Tippecanoe that was reduced in a 2004 conviction. The phrase amended in this particular case might have some significance that we just don't know because of the limited facts that are in the record. Moreover, the Bailey test is fairly objective. It looks at the sentencing range and not the sentence that the defendant himself received. Thus, if we look at the entire range, it's not helpful for comparing it to which class because it encompasses all classes in Illinois. Has any court besides the 3rd District in Bailey stated that one needs to compare the elements of the offenses as well as the sentencing range to decide whether or not the statute applies for extended term? No, Your Honor. No other court has decided that. However, this court has previously in People v. Wagner, an unpublished 2018 case, stated that Bailey is good law and cited it approvingly. That case is unpublished and relates to a post-conviction petition, so it's not quite on that this court did look upon it favorably is indicative that Bailey is good law. Why should we accept Bailey? That is, the discussion of the elements of the offenses being important doesn't appear in the statute, does it? No, Your Honor, it does not. But the statute also does not limit it to sentencing. I'm sorry? The statute does not limit our consideration only to the sentences either. It just states a similar class. It provides no guidance on what we should compare. Bailey has good reasoning, however, and that the sentence, particularly in states like Mississippi, which are not classified in similar ways that Illinois is, can be helpful. That is particularly true because in some instances, the sentencing range can be so disparate that it's difficult to compare. Moreover, if we look at the elements of the Mississippi statute, they're very comparable to the Illinois aggravated assault statute. The elements of both of these crimes punish knowing conduct, punish an attempt to commit a battery and bodily harm, and both make references to using vehicles. Illinois does so directly by stating motor vehicle, and Mississippi does so indirectly by stating other means likely to produce death. The fact that these elements are so similar is significant because that means that they can be readily compared to each other in a way that the sentences cannot. So, in this case, the elements are particularly illuminating. And because the statutory elements match directly with one another, under this prong of the Bailey test, Mr. Prather would not be extended term eligible as aggravated assault is a class four felony in Illinois. And that is not. Can the Bailey decision be reconciled with the decision of the fifth district and people the cabins? Your honor, I'm not familiar with that case. No, no, go ahead. When we look at both prongs of the Bailey test together, there's only one logical result that this is most similar to a class four felony in Illinois. Which would mean that the trial court incorrectly found that Mr Prather was extended term eligible. And under both of these prongs, this court should find that Mr Prather is not extended term eligible, and therefore should remand the case for resentencing. Counsel, I have a question. Do you argue as though Bailey is the controlling authority in this circumstance? Is that your position? Yes, your honor, and the state does so as well. The state relied on it in both the trial court and in its appellate briefs. It does not dispute that Bailey is the correct standard which we must apply. Okay. And if this court has no further questions, then we would just again ask this court to remand for resentencing. Thank you, counsel. You'll have time on rebuttal. Mr. Manchin. Maybe. Good afternoon. Good morning, your honors. May it please the court. In this case, the trial court properly found the defendant eligible for extended term. I think, Justice Stegman, you're correct that Bailey was wrongly decided. The statute does not say the extended term statute in this case makes no reference at all to the elements of the offense. And defendant complains about the difficulty trying to compare sentencing between different sentencing schemes. Well, the comparison of elements of the offense is just as difficult, especially in this case, where you're comparing a Mississippi statute that combines aggravated battery with aggravated assault, and it has elements of requiring, what was it, extreme indifference to life, none of which is included in any of the Illinois statutes. So how do you compare elements of the offense under the Bailey thing? And I think Bailey is inconsistent with Cavins, which is cited by the Bailey court approvingly saying that you can determine classification just by looking at the sentences provided in the other state. In Cavins, I forget, I think it was also a Mississippi case where they said that a 10 year sentence, indeterminate sentence, was at least as severe as that available for a class 2 felony so that the defendant was eligible for extended term. Same analysis applies here. The 20 year sentence available for the Mississippi count here is at least as great and greater than the class 2. In Daniels, which is also cited by Bailey, they said that there were nine distinct types of battery, of burglary in the state, in Mississippi, with maximum ranges of 5 to 40 years depending on which section, but they still said that the defendant was eligible for extended term because the 5 to 40 was within the range of a class 2 felony. So the 1 to 20 years here, where the defendant getting the 20, is within the range, and therefore the defendant is eligible for an extended term. And as far as case law, this is the only case, I was assigned this case a few weeks back when the author of the brief left the office, and in the time I've looked at it, I could not find any other case that discusses what you look at other than a World 23 order, which is not citable. So Bailey is the only case that discusses this statute in terms of looking at both the elements of the defense and the sentencing, but in Bailey it also cites approvingly Daniels and Cavins, in which they look simply to the sentencing ranges. So I believe that the proper analysis would be just to follow Cavins and Daniels, and so you look to the sentence and not the elements, because the statute says nothing about the defendant is convicted of the same or greater class felony. So Mr. Manchin, so I'm clear, by following Cavins, we take away the issue of looking at elements when the statute's silent as to elements. Correct. You're familiar with similar statutes that do use the comparison of elements? Do you recommend doing so? Yeah, they are discussed in Bailey when it reaches the conclusion that, let's see, it's paragraph 13 of Bailey, they say, when the legislature intends to limit citizen considerations to analysis of the elements of the defense, it expressly do so. Section 5-5-3.2b1 of the code does not limit the court's determination to the elements, thus consideration of the elements, while appropriate, is not the only mode of analysis. That's what the Bailey court held. If I understand it correctly, Cavins was interpreting, Cavins is an Illinois case, that was interpreting a Mississippi statute. A Mississippi sentence. I'm not sure, I know, I'm not sure about Cavins, but I know Daniels was Mississippi. Okay. Focusing back again on Cavins, how can you reconcile that with Bailey? It seems to me it reaches exactly the opposite conclusion. I agree. Which is why I think that Bailey is confusing because it cites with approval Cavins and Daniels saying you can find based on the sentence. I think the problem in Daniels and Bailey was that the state was in that case had argued that the trial court correctly looked at the elements of the offense. And I think that might be where the problem arises from my reading of Bailey. But I think that this court should not follow the analysis of Bailey, that you look to both the elements and the sentencing. Because while comparing sentencing may be difficult, it's just as hard trying to compare elements of offenses when you have an offense that's unique to Mississippi that has elements that are not included in aggravated battery or aggravated assault or any other offense in Illinois. The prop and the fitness analysis would be you find a comparable Illinois statute. If the Illinois sentence is class two or greater, he's eligible. If it's not, he's not. And you ignore the sentence in the other state entirely. I don't think that's a proper analysis, even under Bailey. Because it says it is proper to look at both the elements and the sentence and said that the trial court there by simply only looking to the elements. Here, the sentence of one to 20 is at least or greater than a class two felony. So he is eligible for extended term. If there are no further questions, though, we will stand on the brief with respect to the other issues. I see no other questions. Thank you for your argument. Ms. Galicia, you may have your rebuttal time. Thank you, Your Honors. I have a few points on rebuttals. First, the state is correct that the statute is silent and that it does not limit the analysis to just the elements. The statute is also silent and that it does not limit the analysis only to the sentences. That's why Bailey's reasoning is important. As the state pointed out in Bailey, there could be absurd results where some crimes are punished lesser in other states than they are in Illinois. Likewise, here, there could be an absurd result in that the sentencing ranges anywhere from one to 20 years. And that is simply not comparable to a specific class of felony in Illinois. Moreover, we do not know what happened in Mississippi. We don't know why his statute was amended in 2019 to just probation. It could be that some other facts came out of that. But more importantly, looking at it from an objective standpoint, one to 20 years encompasses all classes of Illinois felonies. And therefore, the sentences, the sentencing range does not illuminate much. That's why the elements are so important in cases like this where the sentencing range is so disparate. And like the state says, the court in People v. Bailey did cite two people versus cabins. But even that is more comparable to the Illinois statute because that carries a much smaller range of penalties than one to 20 years. So that would be more comparable under the sentencing range element. But here, one to 20 years is just so disparate that it is not easily comparable. And there is one of the issues you're raising on appeal that the defense counsel was ineffective because counsel failed to at the sentencing hearing site or raise or discuss six mitigating factors. Do I understand that correctly? Yes, your honor. That is correct. That would be our second issue. Well, the reason I ask that is in order to prevail on that, would you not have to illustrate that had these matters been raised, that there would have been a reasonable probability of a lighter sentence on the second prong of the ineffective assistance of counsel analysis? Yes, your honor. That is correct. And I believe if we look at the record on page 134, we can see that the court stated, quote, looking at the factors and mitigation, this court believes to apply in this case, the court finds none. And the fact that the court found no factors in mitigation, the defense counsel should have brought up to the court that there are, in fact, several factors in mitigation that are applicable. So that is why the pressure is. Well, to what extent are these factors and mitigation that you think counsel should have raised not already contained in the PSR? Your honor, the court abused its discretion when it stated that. That's all. Excuse me. That's not my question. Let me repeat it. To what extent are the factors and mitigation that you claim counsel should have argued or presented evidence on to the trial court of sentencing? To what extent were they not already contained in the PSR? They were contained in the PSR, your honor. However, the trial court did not consider them. And the trial court. Now, wait a second. We were all trial judges once upon a time before we got on the appellate court. And I know my experience, I'm sure for my colleagues, is to say that when the trial court rejects an argument, that doesn't mean the trial court did not consider it. Why should we view the situation here as the trial court considered the supposed mitigating factors in the PSI and rejected them as being mitigated? What would be the problem with that? Your honor, there would be no problem except that the record expressly rebuts it. It would be one thing for the trial court to say, I've considered the factors in mitigation, but believe that they do not carry as much weight as the factors in aggravation. And it's a completely different thing entirely to say that no factors in mitigation apply. So this record is absent those magical incantations that the trial court was supposed to have uttered? Your honor, there is no magical incantation that the trial court was supposed to provide. But if the court said those words, then there would be no issue. If the court had not said that it finds no factors in mitigation to apply. What if the court said, I considered all the factors of mitigation set forth in the alleged facts of mitigation set forth in the PSI, and I don't find any of them to constitute mitigation, would that have been okay? Your honor, yes, because that would indicate that the trial court at least identified that there were some factors in mitigation. So on this record, you're arguing we're supposed to infer the trial court never considered any of it at all, is that correct? No, your honor, this court does not have to infer anything because the trial court stated that it looked at the factors in mitigation and found that none apply. Where in the arguments, we can clearly see that there were some factors in mitigation. I want to be clear what you're arguing. In other words, you're saying that the trial court had to consider factors in mitigation. Yes, your honor. But if the trial court said I've considered these alleged factors in mitigation and find none of them are persuasive, would that have been okay? Your honor, yes, that would have been okay because at that point, this trial court would have complied with the statutory mandate. So on this record, you're asking us to conclude that when the trial court said there are no factors in mitigation, that was based upon no analysis by the trial court at all. It's just the trial court just said, forget it. No, no factors in mitigation. Is that right? Your honor, there's no indication in the record that the trial court performed an analysis of the factors in mitigation. So the trial court just made that statement without any basis at all. Is that your position? Your honor, we don't know what the trial court did. All we can do is look at what the trial court said and the trial court stated that it looked at the record and believes that none apply. And when we look at that statement, that none apply, that is clearly rebutted by the PSI, by the other factors in mitigation. And therefore, this court should find that the court abused its discretion in making that statement. Thank you, counsel. Your time has expired. We'll take this matter under advisement. Wait the readiness of the next case.